The official papers herein include an affidavit of the foreign shipper on customs Form 129, which was apparently filed with the entry, and a certificate of exportation, customs Form 4467, which was not submitted until the protest was filed. No affidavit of the importer on customs Form 3311 is among the papers. Whether or not it was filed or required by the collector does not appear.

On the back of the entry is a stamped notation to the effect that the bond for the production of the certificate of exportation was canceled on June 25, 1953, and there is a typed direction, signed by the deputy collector, to assess duty because of nonproduction of export evidence. There is a notation on the face of the entry, apparently made at the time of liquidation, stating "No evidence of Amer. origin." The entry was liquidated and duty assessed on October 30, 1953. Protest was filed and the certificate of exportation produced on December 23, 1953. The report of the collector notes that there had been no application for extension of the bonded period.

It appears, therefore, that the certificate of exportation was not filed at the time of entry nor within the bonded period, nor did the collector waive its production. Where documents are required to be produced upon entry or filed in connection with the entry, they must be produced or filed at the date of entry, or, where a bond has been given, within the bonded period. *Charles M. Wormser* v. *United States*, 32 Cust. Ct. 163, C. D. 1597.

Since the certificate of exportation herein was not produced within the bonded period, nor its production waived, we find that the regulations have not been complied with, and the protest must be overruled. *Balfour, Guthrie & Co., Limited* v. *United States*, 26 Cust. Ct. 223, C. D. 1327.

Judgment will be rendered accordingly.

**No. 60036.**—Railway Express Agency et al. *v.* United States, protests 171363–K, etc. (Pembina).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef or veal similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiffs was sustained.

**No. 60037.**—F. C. Mackay *v.* United States, protests 234424–K, etc. (Pembina).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef or veal similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 60038.**—L. Barbier *v.* United States, protest 255987–K (New York).